Hon. Donald F. Larson Village Attorney, Castleton-on-Hudson
This is in response to your letter of February 8, 1978, in which you requested our opinion as to whether a village trustee with one year left on his term who is presently running for the office of village justice, may, if elected as village justice, serve out his remaining year as trustee as well.
Village Law, § 3-300(3), provides only that no person shall simultaneously hold an elective and an appointive village office. While this would not apply to the situation presented since it involves two elective offices, section 3-300(4), provides:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
It is a long-standing rule that two offices are incompatible when the one office has the right to "interfere" with the other, and thus a person holding both cannot "faithfully and impartially discharge the duties of one [in relation to] the other." People ex rel. Ryan v. Green, 58 N.Y. 295,304-305 [1874].
The trustees of a village have the power to set the village justice's salary. Village Law, §§ 4-412(1), 5-506(1)(f) and 5-508; N Y Const, art IX, § 2(c)(1); Municipal Home Rule Law, §10(1)(a)(1).
In our opinion, therefore, the office of village justice is incompatible with that of village trustee in that the latter has control over the amount of compensation to be paid to the former. This incompatibility would, of course, exist in the situation which you described.